In the Matter of the Appraisal under Act in Relation to Taxable Transfers of Property of the Property of NATHANIEL H. WHITE, Deceased.

WILLIAM H. CHIDESTER, JR., and IDA F. POLHEMUS, as Executors of NATHANIEL H. WHITE, Deceased, and IDA F. POLHEMUS, Individually, Appellants; OTTO KELSEY, as Comptroller of the State of New York, Respondent.

First Department, December 7, 1906.

Tax — facts establishing foreign residence.

In a proceeding to assess a transfer tax it appeared that the testator was born in New Jersey, where he had lived for many years, owning his dwelling house. On selling his house he had lived during the summer in various places in New Jersey, but usually spent his winters in New York city, living in boarding houses or hotels, which quarters he never retained when returning to New Jersey in the early spring. He owned no property, real or personal, in this State, and the New Jersey courts had taken jurisdiction of his estate. There was evidence that he had voted in New York in the years 1900 and 1901, but not thereafter.

Held, that the facts did not justify a finding that the testator continued to be a resident of this State, and that his property was not subject to a transfer tax.

HOUGHTON, J., dissented, with opinion.

APPEAL by William H. Chidester, Jr., and another, as executors, etc., of Nathaniel H. White, deceased, and another, from an order of the Surrogate's Court of the county of New York, entered in

said Surrogate's Court on the 24th day of March, 1906, affirming a prior order which assessed a transfer tax upon the estate of said decedent, and also from an order entered in said Surrogate's Court on the 12th day of June, 1906, denying the appellants' motion to resettle the first above-mentioned order.

*Paul Bonynge*, for the appellants.

*Alfred Yankauer*, for the respondent.

INGRAHAM, J.:

The testator died in Asbury Park, in the State of New Jersey, on August 17, 1904, leaving a last will and testament which was admitted to probate by the Probate Court of Sussex county, N. J., and subsequently the surrogate of New York county granted ancillary letters testamentary. The only substantial question presented on this appeal is, whether the surrogate correctly decided, upon a preliminary investigation by him, that the testator died a resident of the State of New York. He died on August 17, 1904. He was born in the town of Newton, N. J. He appears to have lived there for upwards of twenty-five years, and then removed to Newark, N. J., where he lived for a period of twenty years, owning the house in which he lived. About twelve or fifteen years before his death he broke up his home at Newark, spent the summer at Newton, in the State of New Jersey, and about the first of November came to New York, lived in a boarding house during the winter, leaving New York again for New Jersey about the first of March. Subsequently he generally spent the winters in New York. In the fall of 1903 he came to New York, boarding at Miller's Hotel, stayed there for a few months and left about the first of March, 1904, and took up his residence in Newton, N. J. He retained no room at the hotel, and subsequently had no New York residence and had no property of any kind in this State. When he left he stated that he did not intend to return to New York, but did intend to remain permanently at Newton. There is no evidence that the testator had a residence in the State of New York at the time of his death; and the case of the Comptroller depends entirely upon the fact that the testator had voted in New York in 1900; that he had paid a personal tax for several years prior to his death as a resident

of New York and had described himself in some instruments that he executed as a resident of New York before March 1, 1904. It seems that he voted in the State of New York in the years 1900 and 1901, but it does not appear that he voted subsequent to that time. Assuming that this evidence would be sufficient to justify a finding that the testator was a resident of the State of New York prior to the year 1904, the evidence is quite convincing that he gave up his residence in New York when he left in the spring of 1904, and returned to the State of his birth, where he had lived the most of his life, with the intention of making that State his home. There was certainly nothing thereafter to justify the finding that he continued to be a resident of the State of New York. He had no actual residence here; had no property here and the courts of the State of New Jersey have accepted jurisdiction of his estate and determined that the testator was a resident of the State of New Jersey. Certainly to justify the courts of this State in reversing that decision there must be proof to show that the testator was actually a resident of the State of New York at the time of his death.

I think, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the proceeding dismissed.

McLaughlin, Clarke and Scott, JJ., concurred; Houghton, J., dissented.

Houghton, J. (dissenting):

I do not think this proceeding should be dismissed. It was not so clearly established that the testator was a resident of the State of New Jersey as to authorize such a disposition of the matter. I think, however, there should be a rehearing. It was error to exclude the proposed testimony of the witness Polhemus as to personal communications had by her with the testator. She was a daughter of testator and is the legatee Ida F. White mentioned in his will. Statements made by the testator to her as to changing his residence and what he intended to do in that respect were excluded on the ground that she was incompetent to testify to them under section 829 of the Code of Civil Procedure. A legatee or distributee is not prohibited by this section from testifying to personal transactions and communications had with his testator or intestate in a pro-

ceeding to appraise property under the Transfer Tax Act. (*Matter of Gould*, 19 App. Div. 352 ; *Matter of Brundage*, 31 id. 348.)

The above authorities on this proposition do not seem to have been overruled or questioned, and they appear to be founded upon just principles. The tax is not against the estate and it has no interest in its amount. It is levied against the amount of the legacy or distributive share passing to the legatee or distributee. The witness was interested to establish the fact that the testator was a resident of the State of New Jersey and was not a resident of the State of New York. Her interest, however, did not disqualify her from testifying to such material facts as she might know concerning such residence. Her interest might affect the weight of her testimony but did not render her incompetent, for she was not testifying against the estate or the executors under the will.

I think the error was sufficiently material to require a rehearing.

The order should be reversed and the matter remitted for a rehearing before the surrogate.

Order reversed, with ten dollars costs and disbursements and proceeding dismissed. Order filed.